19-4143-cv
*SEIU Local 200 v. Trump*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2019

(Argued:  August 25, 2020      Decided:  September 16 , 2020)

Docket No. 19-4143-cv

——————————————

SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 200 UNITED, SERVICE
EMPLOYEES INTERNATIONAL UNION,

*Plaintiffs-Appellants*,

*v.*

DONALD J. TRUMP, PRESIDENT OF THE UNITED STATES OF AMERICA, MICHAEL J.
RIGAS, ACTING DIRECTOR OF THE OFFICE OF PERSONNEL MANAGEMENT,
UNITED STATES OFFICE OF PERSONNEL MANAGEMENT,

*Defendants-Appellees*.[*]

——————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

——————————————

---

[1]      Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Director of the
Office of Personnel Management Michael J. Rigas is substituted for former Director Dale
Cabaniss.  The Clerk of Court is respectfully directed to amend the caption as set forth
above.

Before:

WINTER, RAGGI, and CHIN, *Circuit Judges*.

---

Appeal from a decision and order of the United States District Court for the Western District of New York (Elizabeth A. Wolford, *J.*) denying plaintiffs-appellants' request for a preliminary injunction to enjoin the implementation of three Executive Orders relating to federal labor-management relations. Plaintiffs-appellants contend that the district court erred when it concluded that it lacked subject matter jurisdiction over their substantive Administrative Procedure Act claim and that their procedural Administrative Procedure Act claim was not likely to succeed on the merits.

AFFIRMED.

---

> DANIELLE LEONARD, Altshuler Berzon LLP, San Francisco, California (Barbara J. Chisholm, Altshuler Berzon LLP, San Francisco, California; Nicole G. Berner and Claire Prestel, Service Employees International Union, Washington, D.C.; Catherine Creighton, Creighton, Johnsen & Giroux, Buffalo, New York; *and* Mairead E. Connor, Law Offices of Mairead E. Connor, PLLC, Syracuse, New York, *on the brief*), *for Plaintiffs-Appellants*.

2

JOSEPH F. BUSA, Attorney (Mark B. Stern, Attorney, *on the brief*), *for* Ethan P. Davis, Acting Assistant Attorney General, Civil Division, United States Department of Justice, Washington, D.C., *and* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, New York, *for Defendants-Appellees.*

---

PER CURIAM:

Plaintiffs-appellants Service Employees International Union Local 200 United and Service Employees International Union (together, the "Unions") appeal from a decision and order of the District Court for the Western District of New York issued December 10, 2019, denying their request for a preliminary injunction to enjoin defendants-appellees President Donald J. Trump and Michael J. Rigas, Acting Director of the Office of Personnel Management ("OPM"), from implementing certain Executive Orders (the "Orders") relating to federal labor-management relations. The Unions alleged violations of the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.* (the "APA") and the Civil Service Reform Act, 5 U.S.C. § 7101 *et seq.* (the "CSRA"). On appeal, the Unions argue that the district court erred when it concluded that (1) it lacked jurisdiction

over their substantive APA claim; and (2) their procedural APA claim was not likely to succeed on the merits. We affirm.

The Orders were issued by President Trump in May 2018 and related Guidances issued by OPM in July 2018.[1] Broadly speaking, the Orders and Guidances address collective bargaining, work time for representational activities, and discipline and discharge.

On August 13, 2019, the Unions filed their complaint below challenging the Orders and Guidances on several grounds, including that they violated procedural and substantive provisions of the APA, and seeking declaratory and injunctive relief. The Unions moved for a preliminary injunction on September 12, 2019, and a temporary restraining order on September 26, 2019. The district court denied the Unions' motion for a temporary restraining order on October 3, 2019, and denied their motion for a preliminary injunction on December 10, 2019. With respect to the preliminary injunction, the district court

---

[1] The three Orders are EO No. 13,836: Developing Efficient, Effective, and Cost-Reducing Approaches to Federal Sector Collective Bargaining, EO No. 13,837: Ensuring Transparency, Accountability, and Efficiency in Taxpayer-Funded Union Time Use, and EO No. 13,839: Promoting Accountability and Streamlining Removal Procedures Consistent with Merit System Principles. The three Guidances are Guidance for Implementation of Executive Order 13,836, Guidance for Implementation of Executive Order 13,837, and Guidance for Implementation of Executive Order 13,839.

held that (1) it lacked subject matter jurisdiction over the Unions' substantive APA claim; and (2) the Unions' procedural APA claim was unlikely to succeed on the merits because the Guidances were not subject to notice-and-comment rulemaking as the Orders were "presumptively legally binding" and the Guidances "did nothing more than summarize the legally binding . . . Orders." S. App'x at 17–18. This appeal followed.

We review the district court's denial of a preliminary injunction for abuse of discretion. *See N. Am. Soccer League, LLC v. U.S. Soccer Fed'n*, 883 F.3d 32, 36 (2d Cir. 2018). "A district court abuses its discretion if it (1) bases its decision on an error of law or uses the wrong legal standard; (2) bases its decision on a clearly erroneous factual finding; or (3) reaches a conclusion that, though not necessarily the product of a legal error or a clearly erroneous factual finding, cannot be located within the range of permissible decisions." *Klipsch Grp., Inc. v. ePRO E-Commerce Ltd.*, 880 F.3d 620, 627 (2d Cir. 2018). We review the district court's legal conclusion as to whether subject matter jurisdiction exists *de novo* and factual findings in connection with that determination for clear error. *See Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 398 (2d Cir. 2017).

After an independent review of the record and relevant case law, we affirm for substantially the reasons set forth by the district court in its carefully reasoned December 10, 2019 decision and order.[2]

## *CONCLUSION*

Accordingly, the decision and order of the district court is

**AFFIRMED**.

---

[2] These same Orders and Guidances were recently challenged in the D.C. District Court, with the D.C. Circuit Court holding that the existence of administrative review by the Authority precluded district court jurisdiction. *See Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, 318 F. Supp. 3d 370 (D.D.C. 2018), *rev'd and vacated*, 929 F.3d 748, 754 (D.C. Cir. 2019).